ATTORNEY–GENERAL *ex rel.* WILLARD L. WOOD *vs.* JOHN W. ROWE, City Clerk.

PROVIDENCE—OCTOBER 31, 1905.

PRESENT    Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)    *Elections.    Nomination Papers.*

While under Pub. Laws cap. 1078, § 8, the signing of nomination papers is a disqualification for participation in the caucus of any party, and the participation in the caucus of a party is a disqualification to sign nomination papers, yet the signing of nomination papers of a candidate of one political party does not disqualify the signer from signing nomination papers of a candidate of another political party. Following *Atty.-Gen.* v. *Clarke,* 26 R. I. 470.

MANDAMUS.    Heard on petition for writ, and granted.

BLODGETT, J.    This is a petition for a writ of *mandamus* to require the respondent to place the names of Hiram S. Johnson, as alderman, and James C. Aitken, Samuel B. Fuller, and the relator, upon the official ballot of the fourth ward of the city of

Pawtucket, all as "Good Government" candidates for the offices of alderman and common councilmen, respectively, from said ward, for the election to be held on November 7th, 1905, and the single question presented is as to the qualifications of three signers to the nomination papers of the relator therefor.

It is agreed that the relator has forty-nine qualified electors upon his nomination papers, and if two electors who signed nomination papers for a prohibition nomination for governor, and one elector who signed the socialist nomination paper for governor, within the fourteen calendar months next preceding, are not thereby disqualified as signers of the relator's nomination papers, that the relator then has the names of more than fifty electors required by law, and the writ should issue; and if they are not so qualified that the writ must be denied.

(1)  A similar question was presented in *Attorney-General* v. *Clarke*, 26 R. I. 470, in which the statutory provisions relative to such nominations are considered, where the court held as follows (p. 475): "By the provisions of § 8, cap. 1078, *supra*, it will be observed that the signing of such nomination papers is a disqualification for participation in the caucus of any party, and that the participation in the caucuses of such a party is a disqualification to sign the nomination papers in question, but that the signing of the nomination papers in the one case is not a disqualification for the signing of nomination papers in the other."

The statute of this State defines a political party as follows, viz. (sec. 1, cap. 1078, Pub. Laws): "In the cities of Providence, Newport, and Pawtucket, the caucuses of all political parties shall be held in accordance with the provisions of this act, and such provisions shall apply only in said cities. For the purposes of this act, a political party is hereby defined to be one which at the next preceding annual election of State officers cast for its candidate for governor at least two per cent. of all the votes cast in the State for that officer. Caucus and convention nominations shall be made only by political parties."

It is doubtless true that for many years there have been both

a socialist political organization and a prohibition political organization in many of the States, having a national committee, holding national conventions, adopting a national platform, and nominating candidates for national, State, and municipal offices.  Yet, tested by this statute, at the present time neither of said organizations has the legal right, in the cities of Providence, Pawtucket, and Newport, to nominate candidates by caucus or convention, because of the failure to cast two per cent. of the total vote cast for governor at the last election.  But the legislature has seen fit to limit the disqualification to sign a nomination paper in these cities in certain respects only, and has not included the signing of the nomination papers for a different office, and for a candidate representing a different political principle, among them.

However much it may seem to contravene the general purposes of the law as originally designed, it is nevertheless true that the legislature has not, as yet, disqualified an elector in said cities from signing a nomination paper for a prohibition candidate for governor, a socialist candidate for the legislature, and a "Good Government" candidate for a municipal office, all of whom are to be voted for at the same election.

In *Attorney-General* v. *Clarke, supra,* "willful and deliberate forgery" and fraud were affirmatively found to have been practiced, and the writ was denied.  No such elements appear in this case, and we are of the opinion that the requirements of the existing statute have been complied with, and grant the prayer for a writ of *mandamus.*

*John J. Fitzgerald,* for relator.
*Edward W. Blodgett,* for respondent.